**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **QUADRAY HOBBS,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **VS.** | **:** | **NO. 5:22-CV-283-TES-CHW** |
| | **:** | |
| **DOOLY STATE PRISON, *et al.*,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| _____ | **:** | |

## ORDER AND RECOMMENDATION

Presently pending before the Court is a Complaint seeking relief pursuant to 42 U.S.C. § 1983 filed by *pro se* Plaintiff Quadray Hobbs, an inmate presently incarcerated at the Wheeler Correctional Facility in Alamo, Georgia (ECF No. 1).  Plaintiff has also moved for leave to proceed *in forma pauperis* (ECF No. 2).  For the following reasons, Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED,** and his claims that Defendant Glover failed to intervene when Plaintiff was attacked by another inmate on November 6, 2021 shall proceed for further factual development.  It is **RECOMMENDED,** however, that his remaining claims be **DISMISSED without prejudice.**

### MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Because it appears Plaintiff is unable to pay the

cost of commencing this action, his application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee.  Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.   Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The clerk of court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration.  It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).  In accordance

with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.    Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW

## I.    Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e)

when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"  *Hughes*, 350 F.3d at 1160 (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).  The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'"  *Id.* (citation omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'"  *Twombly*, 550 U.S. at 555 (citation omitted)*.*  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at

4

556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.    Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from his confinement at the Dooly State Prison ("DSP"). As discussed in more detail below, Plaintiff is alleging that various prison officials failed to protect him from being assaulted by other inmates while he has been housed at DSP. In addition, Plaintiff claims that Defendant Scubbins, the store clerk, has been overcharging him for items at the commissary. For the following reasons, Plaintiff's claims that Defendant Glover failed to intervene in an ongoing assault shall proceed for further factual development, but Plaintiff's remaining claims should be dismissed.

### A.   Claims against Dooly State Prison

As an initial matter, Plaintiff has sued the prison itself. DSP, however, is not an entity capable of being sued. Federal Rule of Civil Procedure 17(b) provides that the law of the state where the court is located determines an entity's capacity to sue or be sued. Thus, Georgia law controls this issue. The Georgia Supreme Court has explained that there

5

are only three classes of legal entities subject to suit: "'(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue.'" *Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 368 S.E.2d 500, 502 (Ga. 1998) (quoting *Cravey v. SE Underwriters Ass'n*, 105 S.E.2d 497 (Ga. 1958)). BSP does not fall under any of these categories, and thus, is not an entity that may be sued under § 1983. *See id.*; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Brannon v. Thomas Cnty. Jail,* 280 F. App'x 930, 934 n. 1 (11th Cir. 2008) (per curiam); *Allen v. Brown,* No. CV 112–052, 2013 WL 1333175, at *3 (S.D. Ga. March 7, 2013) (noting that "federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims"). Plaintiff's claims against DSP should therefore be dismissed.

### B.  Eighth Amendment Deliberate Indifference to Safety Claims

Turning to Plaintiff's substantive claims, the bulk of the Complaint describes incidents where various prison officials failed to prevent Plaintiff from being harmed by other inmates. This type of claim is generally cognizable under the Eighth Amendment to the United States Constitution. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prisoner asserting a claim that a prison official was deliberately indifferent to the prisoner's safety must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). To establish deliberate indifference in this context, a prisoner must show that prison officials subjectively knew of the substantial risk of serious harm

and that the prison officials knowingly or recklessly disregarded that risk. *Id.* at 1332. Negligent failure to protect an inmate from attack will not support a § 1983 claim. *See id.*

Plaintiff alleges that he was attacked three times at DSP. On June 15, 2021, Defendant Brown, a corrections officer, left the door to Plaintiff's dorm open. Compl. 5, ECF No. 1.[1] Another inmate entered Plaintiff's dorm and stole Plaintiff's commissary purchases, and two additional inmates assaulted Plaintiff. *Id.* Plaintiff suffered a concussion in this incident and required treatment at a hospital. *Id.* On November 6, 2021, Plaintiff was assaulted by an inmate with a lock outside the chow hall. Compl. 6, ECF No. 1. Plaintiff states that Defendant Glover, a tactical officer, "stood and watch[ed] the whole incident take place." *Id.* Plaintiff alleges that he did not seek medical treatment for the injuries suffered in this attack because he was "afraid" to do so. *Id.* And on December 11, 2021, Plaintiff was assaulted by another inmate in front of D-building. Compl. 6, ECF No. 1. Two of Plaintiff's teeth were knocked out in this incident. *Id.* Plaintiff contends that Defendant Williams, a corrections officer, was the officer on duty but was in another building at the time of the attack. *Id.* In addition, Plaintiff contends that on October 2, 2020, the officer on the overnight shift, Defendant Hardwick, violated Plaintiff's constitutional rights by allowing two inmates to enter Plaintiff's room while Plaintiff was

---

[1] Plaintiff only identified the DSP as a Defendant in the caption of his Complaint, but he states that he is suing "Officers, Lt, Sargent, COII, COI" in the body of his Complaint and describes conduct by COII Hardwick, COII Brown, Sergeant Glover, COI Williams, and Ms. Scubbins. The Court therefore presumes that these individuals are the Defendants in this action.

sleeping.  Compl. 5, ECF No. 1.  Plaintiff was not attacked during this incident, but he was on protective custody at the time.  *Id.*

As noted above, establishing deliberate indifference in the context of a failure-to-protect claim requires making both an objective and subjective showing.  *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019).  "Subjectively, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw that inference."  *Id.* (internal quotation marks omitted) (alteration in original).  An inmate must establish that the prison official has "'more than a generalized awareness of risk'" to make out a claim for deliberate indifference.  *Id.* at 1234 (quoting *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1101-02 (11th Cir. 2014)).  An inmate can do this by providing prison officials with details about a specific threat sufficient "to enable them to conclude that it presents a 'strong likelihood' of injury, not a 'mere possibility.'"  *Id.* at 1235-36 (quoting *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015)).  The inmate must then establish that the prison official objectively "responded to the known risk in an unreasonable manner, in that he or she knew of ways to reduce the harm but knowingly or recklessly declined to act."  *Id.* (internal quotation marks omitted).

Plaintiff has not alleged facts indicating that any of the individuals described in the body of his Complaint were aware that the inmates who attacked Plaintiff posed a specific threat to him.  In addition, Plaintiff alleges that Defendant Brown—who left a door open—and Defendant Williams—who was away from his post at the time Plaintiff was attacked—acted negligently, at best.  It is well established that merely "negligent conduct does not give rise to § 1983 liability for resulting unintended loss of or injury to life, liberty, or

property." *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563 (11th Cir. 1993). Similarly, even if Defendant Hardwick violated prison policy by allowing inmates into Plaintiff's room while he slept on October 2, 2020, the "failure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence." *Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2013). It is also notable that Plaintiff was not harmed in any way on October 2, 2020. *See* Compl. 5, ECF No. 1. Plaintiff has therefore failed to state an actionable constitutional claim against these Defendants.

On the other hand, Plaintiff's allegations that Defendant Glover "stood and watch[ed]" while Plaintiff was assaulted with a lock on November 6, 2021 cannot be dismissed at this early stage. Compl. 6, ECF No. 1. Even if a prison official is not a participant in an assault, he is still obligated "to take reasonable steps to protect the victim." *Ledlow v. Givens*, 500 F. App'x 910, 914 (11th Cir. 2012) (per curiam) (citing *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002)). Deliberate indifference to this obligation may violate the Eighth Amendment. *See, e.g., Woodyard v. Ala. Dep't of Corr.*, 700 F. App'x 927, 934 (11th Cir. 2017) (per curiam) (finding corrections officer not entitled to qualified immunity because "[a]ny reasonable officer should have known that he could not . . . delay for five minutes taking any action while one inmate assaulted another one"). Plaintiff's claims that Defendant Glover failed to intervene in the November 6th assault must therefore proceed for further factual development.[2]

---

[2] Taking Plaintiff's allegations as true, as the Court must at this stage, it is also concerning that Plaintiff was attacked and seriously injured at least three times over the course of approximately six months. As noted above, however, Plaintiff does not allege that each Defendant knew about each of these assaults and was therefore subjectively aware of a

C.  Claims against Defendant Scubbins

Plaintiff also contends that Defendant Scubbins has been overcharging Plaintiff at the prison commissary, which Plaintiff describes as "theft by law and price gouging." Compl. 6, ECF No. 1.  A plaintiff is only permitted to set forth related claims in a single lawsuit.  A plaintiff may not join unrelated claims and various defendants in his complaint unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20 (emphasis added).  "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.,* 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). In this case, Plaintiff has not pleaded facts sufficient to establish that his claims concerning the attacks against him are logically related to his claims concerning any alleged price gouging at the commissary.  Absent such facts, Plaintiff cannot show that his claims bear any logical relationship to one another for purposes of Rule 20.  Because joinder of these claims is inappropriate, and because it does not appear that the statute of limitations would

---

specific risk to Plaintiff.  Alternatively, though, an inmate can show that prison officials were subjectively aware of a substantial risk of harm by pleading facts showing that the inmate "was in an environment so beset by violence that confinement, by its nature, threatened him with the substantial risk of serious harm." *Marbury*, 936 F.3d at 1235-36. This showing would require Plaintiff to establish that Defendants knew that the prison was so dangerous "that serious inmate-on-inmate violence was the norm or something close to it." *Id.* at 1234 (internal quotation marks omitted).  Plaintiff does not describe any other assaults at the prison or allege any other facts that would be sufficient to meet this burden. If discovery reveals evidence of these or any other claims, Plaintiff may move for leave to amend or supplement his Complaint to include them, in accordance with the Federal Rules of Civil Procedure.

bar Plaintiff from refiling his claims against Defendant Scubbins if he acts promptly to do so, these claims should be dismissed without prejudice. *See* Fed. R. Civ. P. 21; *see also DirecTV, Inc. v. Leto*, 467 F.3d 842, 844-45 (3d Cir. 2006) (holding that "district judges have discretion to remedy misjoinders either by severing claims or dismissing them without prejudice").[3]

## IV.   Conclusion

Based on the foregoing, For Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED,** and his claims that Defendant Glover failed to intervene when Plaintiff was attacked by another inmate on November 6, 2021 shall proceed for further factual development.   It is **RECOMMENDED,** however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

---

[3] Because these claims would be dismissed without prejudice, Plaintiff may refile his claims if he desires.  The Clerk is **DIRECTED** to furnish Plaintiff a copy of the Court's standard § 1983 form that Plaintiff may use for this purpose.  The Court notes, however, that to the extent Plaintiff may be attempting to assert a due process claim concerning the loss of his property, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  "Georgia provides a civil cause of action for the wrongful conversion of personal property." *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (per curiam) (citing O.C.G.A. § 51-10-1).  The Eleventh Circuit has "held that this cause of action constitutes a suitable postdeprivation remedy for procedural due process violations." *Id.*  Thus, absent any allegations that Plaintiff has attempted to pursue a civil action based on Defendant Scubbins's actions or that such a remedy is not available to him, he cannot state a due process claim.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

**ORDER FOR SERVICE**

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Sergeant Glover, a tactical officer at DSP, it is accordingly **ORDERED** that service be made on that Defendant and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. All Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The

13

Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each

14

party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 30th day of September, 2022.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge